**Frank Cassata, Plaintiff-Appellee, v. City of Chicago, a Municipal Corporation, Defendant-Appellant.**

**Gen. No. 53,455.**

First District, Third Division.

July 16, 1970.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Henry N. Novoselsky, Assistant Corporation Counsel, of counsel), for appellant.

Herbert P. Veldenz and Angelo Caliendo, of Chicago, for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Plaintiff brought this action to recover damages for personal injuries arising out of a collision between plaintiff's automobile and a crane owned by the defendant City of Chicago. After trial, the jury returned a verdict in favor of plaintiff and assessed damages in the amount of $7,500. The jury also answered no to a special interrogatory as to whether plaintiff was guilty of negligence at and immediately prior to the occurrence. Defendant's sole contention on appeal is that plaintiff as a matter of law was guilty of contributory negligence, and that, therefore, the trial court erred in denying de-

fendant's motions for a directed verdict, judgment notwithstanding the verdict and for a new trial. The facts adduced at trial as to the occurrence are as follows.

The instant lawsuit arose out of a collision which occurred in the vicinity of 5809 South Damen Avenue, Chicago, on April 26, 1962, shortly before 2:00 a. m., between an automobile driven by plaintiff and a crane owned by defendant, which was parked on Damen Avenue. Damen Avenue running north and south was four lanes wide, two lanes on each side. Defendant was engaged in a sewer excavation in the area, and at the conclusion of the day's work, its employees had erected a barricade around the excavation. The crane was placed at the north end of the excavation, about 100 feet south of 58th Street. Its rear wheels were supported by blocks so that it could not be moved. The crane was straddling the center lanes of Damen Avenue, blocking one lane of traffic northbound and one lane southbound.

Plaintiff testified that on the evening in question he was employed as a pressman and finished work at about 1:05 a. m. It was a clear night. He was alone and driving home from work when the accident occurred. Plaintiff entered Damen Avenue at 57th Street. He was familiar with Damen, and had driven on it previously. The streetlights were on and working, and he had no difficulty with the lighting as he drove. Another automobile, also proceeding south on Damen, was ahead of him. That automobile, traveling at about 25 miles per hour, was operating in the center of both southbound lanes. Plaintiff was about 25 feet behind, and proceeding at 20 miles per hour. As they approached 58th Street, plaintiff testified that he decided to pass the automobile ahead. He sounded his horn, but the car remained in the same lane. When plaintiff was almost four houses south of 58th Street, he proceeded to pull out to his left to pass. Part of his automobile crossed the center

line. As he pulled out, he saw that there was no traffic coming in the opposite direction. He knew this because the oncoming lights would have shone upon him. The two automobiles were practically side by side when plaintiff's automobile struck the parked crane. Plaintiff testified that when he swung out to pass he did not observe anything but the crane. He tried to stop, but came in contact with it. On cross-examination, plaintiff testified that he had just swung out when he hit the crane, and that he had not seen it prior to impact.

A city ordinance in effect at the time of the occurrence provided that anyone engaged in work on a public way was required to place two red lights in a conspicuous place, one at either end of the obstruction from dusk to sunrise. Municipal Code of Chicago, c 33, § 53.

Robert Joyce, a foreman of the Bureau of Waters and Sewers of the City of Chicago, testified for the defense that he was in charge of the sewer excavation in question. The crane was painted yellow and its front bumper was painted with yellow and red reflective diagonal stripes. The crane had reflectors on the front, sides, top and middle. These reflectors had no power source of their own but operated when a light was shone upon them. Three fuel oil bombs were placed in front of the crane. These bombs were blue, and gave off a small yellow flame. No warning signs were placed on the street ahead of the work to indicate that work was being done on the street. There were no red lights or lanterns placed at either end of the excavation.

Joyce also testified that the lighting conditions on Damen Avenue were very good. There were lights on both sides of the street, two of them at the corner and two more a little south of where the crane was parked. He testified that there was sufficient room for one

269

lane of southbound traffic and of northbound traffic to pass the barricade, but that two cars side by side could not travel in the same direction.

Officer Kenneth Calvin of the Chicago Police Department testified for the defense that he investigated the accident. He had a conversation with plaintiff at the hospital and plaintiff told him that he had fallen asleep, and ran into the crane. Calvin also identified photographs he had taken of the scene.

■■ We find that the trial court committed no error in denying defendant's motions for a directed verdict or for judgment notwithstanding the verdict on the ground that plaintiff as a matter of law was guilty of contributory negligence. In order to have allowed defendant's motions, it would have been necessary for the trial court and for this court now to determine, after considering all of the evidence in its aspect most favorable to the plaintiff, that the evidence presented so overwhelmingly favored defendant that no contrary verdict could stand. Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504 (1967). We do not believe that such a determination can be made in the instant case.

■■ It is the function of the jury to determine the facts, disputed as well as undisputed, and to make reasonable inferences therefrom. Hulke v. International Mfg. Co., 14 Ill App2d 5, 142 NE2d 717 (1957). And merely because contrary inferences would be equally supported by the evidence is not sufficient to show that a verdict is unreasonable. Since the jury must weigh contradictory evidence, judge the credibility of witnesses and draw the ultimate conclusion as to the facts, its conclusion, whether relating to negligence, contributory negligence, or any other factual matters should not be set aside because a court might believe that other results are more reasonable. See Finley v. New York Cent. R. Co., 19 Ill2d 428, 167 NE2d 212 (1960).

270

■ The jury could have properly determined that plaintiff was unable to see the crane before he came in contact with it. He was traveling about 25 feet behind another automobile, and consequently there was some obstruction to his possible view of the crane and excavation. When plaintiff pulled out to pass, there was no traffic approaching from the opposite direction because he saw no headlights. Further, the reflectors on the crane had no power source of their own, operating only when a light was shone upon them. Thus, plaintiff's headlights would not have struck the reflectors until he had pulled out to pass. The fuel oil bombs admittedly gave off only a small yellow flame. It was also admitted by defendant that there was no red light placed ahead of the excavation, as required by ordinance. Nor were there any warning signs on the street that work was being done. From all of these facts and circumstances, along with an examination of the photographs of the scene, the jury could have properly determined that, as the plaintiff pulled out to the left to pass the automobile ahead, there was nothing he could do to avoid striking the parked crane. It was, therefore, proper for the jury to determine that plaintiff was in the exercise of due care for his own safety, and thus free from contributory negligence.

■ Cases cited by defendant enunciate the well settled principle that a party will not be absolved of the charge of negligence in failing to look by testimony that he looked and did not see. All of the cited cases refer to factual situations where the parties had clear views of the area in question during daylight hours and had time to take steps to avoid the danger and did not do so. Those cases are not applicable to the instant case. As we have already stated, the jury could reasonably find that plaintiff was unable to see the crane or to take any action to avoid the collision after he swung out to pass the other vehicle.

271

■ We conclude that the issue of whether plaintiff was guilty of contributory negligence was for the jury to decide. The trial court did not err in denying defendant's motions for a directed verdict or for judgment notwithstanding the verdict. Nor did the trial court abuse its discretion in denying defendant's motion for a new trial.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.